**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC MEDICAL DEVICE LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>ATRAVERSE MEDICAL, INC.<br><br>Defendant. | C.A. No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Boston Scientific Corporation ("BSC") and Boston Scientific Medical Device Limited ("BSMDL") (collectively, "Boston Scientific") bring this Complaint for patent infringement against Atraverse Medical, Inc. ("Atraverse") and allege as follows:

## NATURE OF THE ACTION

1. This is an action for infringement of United States Patent No. 12,733,955 (the "'955 Patent") under 35 U.S.C. § 271. The '955 Patent is attached to this Complaint as Exhibit A.

## PARTIES

2. Plaintiff BSC is a corporation organized and existing under Delaware law with its principal place of business at 300 Boston Scientific Way, Marlborough, Massachusetts 01752. BSC is a leading developer, manufacturer, and supplier of medical devices, including an array of transseptal access devices to treat heart conditions.

3. Plaintiff BSMDL is a corporation organized and existing under the laws of Ireland with its principal place of business at Ballybrit Business Park, Galway, Ireland H91 Y868. BSMDL is a wholly owned subsidiary of BSC.

4. BSMDL is the owner by assignment of the '955 Patent.

5. BSC is the exclusive seller within the United States of products that embody BSMDL patents, including the ’955 Patent, and has the right to sue for infringement by unauthorized third parties and recover damages due to lost sales.

6. Defendant Atraverse is an entity incorporated in the state of Delaware and having its principal place of business at 2611 S Coast Hwy 101, Suite 204, Cardiff-by-the-Sea, California 92007.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Atraverse because Atraverse is incorporated in the state of Delaware.

9. Venue is proper in this District under 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND

10. On September 15, 2026, the USPTO issued the ’955 Patent to Gareth Davies, John Paul Urbanski, Ferryl Alley, and Bogdan Beca. The ’955 Patent is entitled “Methods and Devices for Puncturing Tissue.” A true and correct copy of the ’955 Patent is attached to this Complaint as Exhibit A. The ’955 Patent remains in force and is assigned to BSMDL. BSMDL has owned the ’955 Patent since it issued and still owns the ’955 Patent.

11. The ’955 Patent relates generally to medical devices for puncturing tissue at a tissue site, for example, a septum of the heart, permitting access to the left side of the heart. Electrical energy is used to aid the creation of a puncture through the tissue, improving efficacy and patient safety of, for example, a transseptal surgical procedure. The design of the patented medical device

minimizes the need for device exchanges during a transseptal surgical procedure, also improving efficacy and patient safety.

12. Atraverse is currently making, using, importing, offering for sale, and/or selling into the U.S. a medical device for puncturing a tissue at a tissue site, including the septum of the heart, under the trade name "HOTWIRE™." In its FDA 510(k) regulatory filings, Atraverse describes its device as follows: "The HOTWIRE™ is a sterile, single-use guidewire device that delivers radiofrequency (RF) power in a monopolar mode to a distal electrode segment for the creation of an atrial septal defect in the heart."

13. In addition to making and using the HOTWIRE™, Atraverse has offered it for sale and sold it since receiving 510(k) clearance in May 2024. Atraverse's CEO, President, and co-founder, John Slump, presented the HOTWIRE™ at the LSI Europe '24 Emerging Medtech Summit in September 2024 in Sintra, Portugal. During his presentation, Mr. Slump explained that as of the conference in September 2024, "we actually are now in the clinic doing commercial clinical cases, as of today we have completed approximately 40 clinical cases." Mr. Slump noted that Atraverse "already ha[s] initial revenue, about 80% gross profit margin."

14. As set forth below and in the claim chart attached hereto as Exhibit B, Atraverse's HOTWIRE™ device infringes at least one claim of the '955 Patent.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 12,733,955**

15. Boston Scientific re-alleges each of the foregoing paragraphs as if fully set forth herein.

16. Upon information and belief, Atraverse has directly infringed one or more claims of the '955 Patent, including at least claims 1 and 22, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale, and/or selling its HOTWIRE™. Attached to this Complaint as Exhibit B is a detailed claim chart, the entirety of

which is incorporated herein by reference, explaining how the HOTWIRE™ meets each claim limitation of at least claims 1 and 22 of the ’955 Patent.

17. Upon information and belief, Atraverse has indirectly infringed at least claims 1 and 22 of the ’955 Patent by, among other things, actively inducing the direct infringement of others, such as physicians using the HOTWIRE™. For example, Atraverse instructs and encourages physicians on the use of the HOTWIRE™ for transseptal procedures. *See* Ex. B at 12 (Mr. Slump explaining, "instead of mechanically advancing your way across the septum, you just press the button, use a little blast of radiofrequency energy and/or electrocautery if you will, denature the tissue and gently advance across."). Upon information and belief, Atraverse knew that the acts it induced constitute patent infringement.

18. Upon information and belief, Atraverse has been aware of the ’955 Patent since at least its issuance on September 15, 2026. On August 18, 2025, Boston Scientific filed its initial complaint against Atraverse asserting U.S. Patent No. 11,998,238 (the "’238 Patent"), which is the great-great-grandparent of the ’955 Patent. Complaint, Aug. 18, 2025, *Boston Scientific Corp. v. Atraverse Medical, Inc.*, C.A. No. 25-cv-01035-JLH (D. Del.); *see also* Third Amended Complaint, June 18, 2026, *Boston Scientific Corp. v. Atraverse Medical, Inc.*, C.A. No. 25-cv-01035-JLH (D. Del.) (including allegations of infringement of patents within the same family as the ’955 Patent: the ’238 Patent, U.S. Patent No. 12,433,639 (the "’639 Patent"), U.S. Patent No. 12,599,406 (the "’406 Patent"), U.S. Patent No. 12,636,040 (the "’040 Patent"), and U.S. Patent No. 12,653,576 (the "’576 Patent")). Boston Scientific followed its initial complaint by sending Mr. Slump a cease and desist letter on August 20, 2025, charging Atraverse with infringement of the ’238 Patent and informing Atraverse that the HOTWIRE™ "will also infringe Boston

Scientific's forthcoming patent based on the currently allowed claims of the '196 application."[1] The '196 application later issued as the '639 Patent, which is the grandparent of the '955 Patent. Additionally, Mr. Slump explained during his LSI Europe presentation in September 2024: "Importantly, it's worth noting that there was a first mover in this space, Baylis Medical." The accompanying slide from Atraverse's presentation also acknowledged: "Baylis acquired by Boston Scientific." Further, Atraverse cited U.S. Patent No. 10,368,911, to which the '955 Patent claims priority through a chain of continuation applications, during prosecution of its own U.S. Patent No. 12,343,074 in March 2024. In addition, Boston Scientific noted during the January 12, 2026, Scheduling Conference in C.A. No. 25-cv-01035-JLH that it anticipated asserting additional patents against Atraverse that could issue from pending applications in the patent family.

19. On September 17, 2026, counsel for Boston Scientific notified counsel for Atraverse that the '955 Patent had issued on September 15, 2026, and provided a copy of the issued patent. At least as of the time of trial, Atraverse will have known and intended that its continued actions would actively induce and contribute to actual infringement of at least claims 1 and 22 of the '955 Patent.

20. Atraverse undertook and continued its infringing actions despite an objectively high likelihood that such activities infringed the '955 Patent, which has been duly issued by the USPTO and is presumed valid. Since at least September 15, 2026, Atraverse has been aware of an objectively high likelihood that its actions constituted and continue to constitute infringement of the '955 Patent and that the '955 Patent is valid. Upon information and belief, Atraverse could not reasonably or subjectively believe that its actions do not constitute infringement of the '955 Patent, nor could it reasonably or subjectively believe that the patent is invalid. Despite that, and despite

[1] The '196 application is U.S. Patent Application No. 19/007,196, filed December 31, 2024.

the objectively high likelihood that its actions constitute infringement, Atraverse has continued its infringing activities. As such, Atraverse has willfully infringed and continues to willfully infringe the ’955 Patent.

21. As a result of Atraverse’s unlawful infringement of the ’955 Patent, Boston Scientific has suffered and will continue to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Boston Scientific respectfully requests the following relief:

A. For judgment in favor of Boston Scientific that Atraverse has infringed and is infringing the claims of the ’955 Patent, both directly and indirectly;

B. For a preliminary and permanent injunction prohibiting Atraverse, including its officers, agents, employees, and all persons acting in concert or participation with it who receive actual notice of the Court’s Order, from committing further acts of infringement of the ’955 Patent;

C. For an award of damages for Atraverse’s infringement of the ’955 Patent in the amount of at least a reasonable royalty, together with interest (both pre- and post-judgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284;

D. For an award of damages for Atraverse’s infringement of the ’955 Patent in the amount of Boston Scientific’s lost profits associated with Atraverse’s sale of the HOTWIRE™, together with interest (both pre- and post-judgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284;

E. For a determination that Atraverse’s infringement of the ’955 Patent has been and is willful;

F. For an award of enhanced damages under 35 U.S.C. § 284;

G. For a determination that this is an exceptional case within the meaning of 35 U.S.C. § 285;

H. For an award to Boston Scientific of its reasonable attorneys' fees;

I. For an accounting for damages; and

J. Such further and other relief as this Court deems proper and just.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Boston Scientific hereby demands a trial by jury of all issues that are or may become triable.

Dated: October 7, 2026

**FISH & RICHARDSON P.C.**

*/s/ Nitika Gupta Fiorella*
Martina Tyreus Hufnal (No. 4771)
Douglas E. McCann (No. 3852)
Nitika Gupta Fiorella (No. 5898)
Vidhu B. Joshi (No. 7608)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
(302) 652-5070
hufnal@fr.com; dmccann@fr.com;
fiorella@fr.com; joshi@fr.com

Todd Miller (*pro hac vice* forthcoming)
Tyler Train (*pro hac vice* forthcoming)
**FISH & RICHARDSON P.C.**
12860 El Camino Real, Suite 400
San Diego, CA 92130
(858) 678-4342
miller@fr.com; train@fr.com

Sarah Jack (*pro hac vice* forthcoming)
Alexander Rafferty (*pro hac vice* forthcoming)
Kellie C. Van Beck (*pro hac vice* forthcoming)
**FISH & RICHARDSON P.C.**
60 South 6th Street, Suite 3200
Minneapolis, MN 55402
(612) 638-5747
jack@fr.com; rafferty@fr.com;
vanbeck@fr.com

Meghana Thadani (*pro hac vice* forthcoming)
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor
New York, NY 10036
(212) 641-2215
thadani@fr.com

*Attorneys for Plaintiffs*
*Boston Scientific Corporation and*
*Boston Scientific Medical Device Limited*